OPINION
Defendant Michael Lyons appeals a judgment of the Court of Common Pleas of Licking County, Ohio, classifying him as a sexual predator pursuant to R.C. 2950.09. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING THE DEFENDANT-APPELLANT TO BE A SEXUAL PREDATOR.
SECOND ASSIGNMENT OF ERROR
THE TRIAL COURT COMMITTED HARMFUL ERROR IN DETERMINING THAT THE DEFENDANT-APPELLANT SHALL BE SUBJECT TO THE COMMUNITY NOTIFICATION REQUIREMENTS EXPRESSED IN OHIO REVISED CODE § 2950 ET SEQ.
The record indicates appellant was charged with ten counts of rape in violation of R.C. 2907.02, one count of attempted rape in violation of R.C. 2907.02 and 2923.02, three counts of sexual battery in violation of R.C. 2907.03, and nine counts of gross sexual imposition in violation of R.C. 2907.05. Appellant eventually pled no contest to all charges, except that his plea on one of the counts of rape was an Alford plea. The trial court sentenced appellant to a period of incarceration with drug and alcohol counseling and sexual offender counseling, and then conducted a hearing to determine appellant's status pursuant to R.C. 2950. At the close of the hearing, the trial court found appellant to be a sexual predator as defined by the Revised Code, subject to the community registration and notification requirements. R.C. 2950.09 provides in pertinent part: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 I
In his first assignment of error, appellant urges it is premature and speculative for the court to classify him as a sexual offender at this time, because he faces at least 20 years of incarceration. During that incarceration, appellant will undergo mandatory sexual offender counseling and rehabilitation. Appellant points out he will be at least 20 years older at the time of his release. Appellant urges the statute requires the court to predict appellant's future behavior without affording him the opportunity to build a positive institutional record and to benefit from the rehabilitation and counseling available to him. In State v. McIntyre (February 1, 1999), Stark Appellate No. 1997 CA00366, unreported, this court cited R.C. 2950.09 (B)(2)(f), supra, and found in enacting this provision the General Assembly contemplated the completion of a sentence for a prior offense, not the current offense for which the trial court makes the sexual predator determination, McIntyre at 5. When an offender is sentenced on or after the effective date of this statute, the trial court is required to conduct a sexual predator hearing prior to sentencing. During incarceration, the offender may participate in, and benefit from, various programs. Pursuant to R.C. 2950.09 (D), an offender who has previously been adjudicated a sexual predator may petition the trial court to enter a determination the offender should no longer be classified as such. At that point, the court may consider whether the offender has participated in available programs, and may review any available reports regarding the offender's participation. As noted in the stipulated memorandum presented to the court, appellant pled no contest to multiple counts of sexually abusing the three daughters of his girlfriend while he was living with her. Appellant admitted he was a father figure to the children, and the incidents occurred beginning when the children were from 3 to 5 years old. Appellant denied any improper activity with the youngest child, and the charge concerning that child is the one to which appellant entered the Alford plea. Upon finding appellant to be sexual predator, the court noted the facts and circumstances of the case, including the ages of the victims and the repeated instances of sexual abuse, Tr. of October 4, 1999 at page 27. We find the trial court did not err in determining appellant should be classified as a sexual predator pursuant to R. C. 2950. Accordingly, the first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the community notification requirements of the statute are unconstitutionally overbroad and prohibited by Sections 1 and 16, Article I of the Ohio Constitution. R.C 2950.11 requires the Sheriff's Department to notify the public of the offender's name and address. The express purpose of the notification procedure is to encourage the local community to become more informed about their rights as potential victims, to counsel and educate their children regarding the dangers imposed by strangers, and to initiate constructive plans for the community. Appellant urges each of these express goals could be accomplished without naming the specific individual or the individual's address, and in fact, the notification actually does not accomplish the goals stated. Appellant concedes this court has previously addressed this argument, see e.g., State v. Godfrey (September 2, 1999), Licking Appellate No. 97CA0155, unreported. However, appellant asks us to reconsider the constitutional and practical difficulties of the statute once again. In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court addressed this issue from the standpoint of whether the notification requirements should be regarded as punishment. The Cook court acknowledged dissemination of information about the offender is obviously detrimental to the offender's reputation, but the first amendment requires criminal trials to be open to the public. The Supreme Court found there was historical support for the notification provisions of R.C. Chapter 2950 and the purpose of the notification provisions prevails over any ancillary detrimental effect disseminating this information may have on a given sex offender, Cook at 419, citations deleted. The Cook court found the notification requirements are sufficiently limited, and tailored to meet the express legislative purposes for which the statute was enacted. Accordingly, the second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
WISE, J. and EDWARDS, J., concur